IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA T. BOUCHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-1381 |
| | ) | |
| US AIRWAYS, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

Plaintiff Cynthia T. Bouchard ("Bouchard") has filed Title VII claims against Defendant US Airways based upon discrimination she allegedly suffered while employed as a Customer Service Agent and Customer Service Supervisor. She was employed between February of 2002 and January of 2007.

US Airways has filed a Motion to Dismiss, Or, In the Alternative, For Summary Judgment. See ECF Docket No. [7]. US Airways seeks dismissal based upon the deficiency of

1

the summons Bouchard served as well as the deficiency of the service of process itself and Bouchard's alleged failure to exhaust her administrative remedies. In the alternative, US Airways seeks the entry of summary judgment based upon its contention that it did not employ Bouchard and played no role in the purported discrimination.

I need only consider US Airways' argument with respect to the deficiency of the summons. After careful consideration, I agree that the summons Bouchard served upon US Airways did not meet the requirements of the Federal Rules of Civil Procedure. As such, dismissal is warranted.

## Analysis

Rule 4(a)(1) of the Federal Rules of Civil Procedure governs the contents of a summons. It states that, among other things, a summons must:

> (F) be signed by the clerk; and
>
> (G) bear the court's seal.

Fed.R.Civ.P. 4(a)(1). The summons Bouchard presented to US Airways was deficient in both of these respects. See ECF Docket No. [2].

These deficiencies are fatal to her case. "The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which the defendant is required

2

to appear and attend, are essential elements of the court's personal jurisdiction over the defendant." Ayres v. Jacobs & Crumpler, P.A., 99 F.3d 565, 568 (3d Cir. 1996). "'A summons is process because its service subjects the person served to the court's jurisdiction, which is necessary to validate the judgment that the court might render against the person.'" Ayres, 99 F.3d at 568, *quoting*, Fed. R. Civ. P. 4 28 U.S.C.A. Practice Commentary C4-4 (1992 & Supp. 1996). "The parties cannot waive a void summons." Id. Accordingly, "[a] summons which is not signed and sealed by the Clerk of Courts does not confer personal jurisdiction over the defendant." Mathies v. Silver, 266 Fed. Appx. 138, 140, 2008 WL 227593 at * 2 (3d Cir. Jan 28, 2008), *citing*, Ayres , 99 F.3d at 568. Such a suit should be dismissed under Rule 12(b)(2). Id. "Under such circumstances, 'it becomes unnecessary for the district courts to consider such questions as whether service was properly made or whether an extension to the 120-day service period should be granted under Rule 4(m)." Id. at 569. See also, Ackerman v. Beth Israel Cemetery Ass'n of Woodbridge New Jersey, Civ. No. 9-1097, 2010 WL 2651299 (D. N.J. June 25, 2010) (dismissing a case without prejudice where the summons did not bear the court's seal and was not signed by the clerk of court) and Gianfredi v. Hilton Int'l. of Puerto Rico, Civ. No. 8-769, 2008 WL 4425228 (D. N.J. Sept. 24, 2008) (same).

Accordingly, I will grant US Airways' Motion to Dismiss based upon the deficiency of the summons. Dismissal will be based upon Federal Rule of Civil Procedure 12(b)(2), however, rather than 12(b)(4) because it is premised upon lack of personal jurisdiction. Dismissal is without prejudice for Bouchard to file a Praecipe to Reissue a Writ of Summons to effectuate service.[1]

---

[1] In permitting Bouchard to file a Praceipe to Reissue a Writ of Summons, this Court in no way offers any opinion as to whether the initial Complaint was timely served or whether it will be timely served under a reissued summons, or whether any statute of limitations will have expired. Simply stated, this case cannot proceed without first obtaining personal jurisdiction over the Defendant and a properly executed summons is a necessary step in obtaining personal jurisdiction.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA T. BOUCHARD, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 10-1381 |
| US AIRWAYS, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

<u>ORDER OF COURT</u>

AND NOW, this 20th day of June, 2011, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion to Dismiss and / or Motion for Summary Judgment (See ECF Docket No. [7]) is hereby GRANTED insofar as the Complaint is dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction based upon the deficiency of the summons. The Motion is DENIED as moot in all other respects.

Dismissal is without prejudice for Plaintiff to file a Praecipe to Reissue a Writ of Summons no later than July 1, 2011.

By the Court:
<u>/s/ Donetta W. Ambrose</u>
Donetta W. Ambrose
Senior U.S. District Judge