IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CYNTHIA T. BOUCHARD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-1381 |
| | ) | |
| US AIRWAYS, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, District Judge

## OPINION
### and
## ORDER OF COURT

Plaintiff Cynthia T. Bouchard ("Bouchard") has filed Title VII claims against Defendant US Airways based upon discrimination she allegedly suffered while employed as a Customer Service Agent and Customer Service Supervisor. She was employed between February of 2002 and January of 2007.

US Airways previously filed a Motion to Dismiss, Or, In the Alternative, For Summary Judgment based upon the deficiency of the summons Bouchard served as well as the

1

deficiency of the service of process itself and Bouchard's alleged failure to exhaust her administrative remedies. See ECF Docket No. [7]. I granted US Airways' Motion based upon the conclusion that the summons Bouchard served upon US Airways did not meet the requirement of the Federal Rules of Civil Procedure. The Complaint was dismissed under FRCP 12(b)(2) for lack of personal jurisdiction based upon the deficiency of the summons. See ECF Docket No. [21]. Dismissal was without prejudice for Bouchard to file a Praceipe to Reissue a Writ of Summons. Bouchard secured a new Writ of Summons on August 1, 2011.

US Airways has renewed its Motion to Dismiss. See ECF Docket No. [27]. It contends that the Complaint must be dismissed pursuant to FRCP 12(b)(2) and 12(b)(5) for deficient service of process and lack of personal jurisdiction; pursuant to FRCP 4(m) for failure to serve the Complaint within 120 days; and pursuant to FRCP 12(b)(6) for failure to exhaust administrative remedies by timely filing her lawsuit following receipt of a Right to Sue notice. After careful consideration, and for the reasons set forth below, the Motion is granted.

ANALYSIS

A. *Service of Process*

Bouchard served the Complaint upon "Security Officer Moretti" at 150 Hookstown Grade Rd." See ECF Docket No. [26], p. 2. US Airways contests the propriety of this service. Service

of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h)(1)(b), which provides that service may be made by[1] "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process… ."

Alternative service is permitted under Rule 4(e)(1), which allows for service "following state law for serving a summons." Service of process upon corporations is governed by Pennsylvania Rule of Civil Procedure 424(1) and (2), which provides that service shall be made by handing a copy to "an executive officer, partner or trustee of the corporation or similar entity" or to "the manager, clerk, or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity," or to "an agent authorized by the corporation or similar entity in writing to receive service of process for it."

Bouchard bears the burden of establishing proper service. See Banaszewski v. Merk and Co., Civ. No. 4-5650, 2005 WL 188203 at * 4 (E.D. Pa. Aug. 9, 2005). Bouchard has not proffered any evidence that "Security Officer Moretti" qualified as an officer, managing or general agent of US Airways within the meaning of FRP 4(h)(1)(b). Nor is there any evidence of record suggesting that US Airways appointed Moretti as an agent designated to accept service

---

[1] Rule 4(h)(1)(b) also allows for the filing of a waiver of a service – which was not done in this case.

on its behalf, or that he was the manager or clerk in charge of the regular place of business at the time of service. There is no evidence indicating that Moretti had actual authority or held himself out has having any authority to accept service, or that he was even employed by US Airways rather than by a private security firm. Simply stated, the Court cannot reasonably infer that a security guard housed at a facility several miles away from the Pittsburgh airport would qualify under FRCP 4(h)(1)(b) or 4(e)(1) to accept service on behalf of US Airways. See Banaszweski, 2005 WL 188203 at * 4 (finding to be deficient service of process where the plaintiff served the complaint upon a security guard and had failed to show that the security guard had either some direct connection to a party who could properly be served or that she affirmatively represented her authority to accept service on behalf of the defendant) and F.P. Woll & Co. v. Valiant Ins. Co., Civ. No. 99-465, 2000 WL 347955 at * 1(E.D. Pa. March 21, 2000) (finding that service of process upon a payroll processor at defendant's place of business did not constitute service under FRCP 4(h)(1) where there was nothing in the record indicating that the payroll processor was an agent for the defendant).

Consequently, the Complaint is dismissed for deficiency of service of service of process and lack of personal jurisdiction.

B. *Timeliness of Service*

US Airways offers an additional basis for the dismissal of Bouchard's Complaint. Specifically, US Airways challenges the timeliness of Bouchard's service under Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If the defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, Bouchard filed the Complaint on October 20, 2010. See ECF Docket No. [1]. The Clerk issued a summons to Bouchard on October 20, 2010 – which expired 120 days later – on February 17, 2011. Bouchard made no attempt to serve this first summons (later ruled to be defective) in a timely manner. Bouchard secured a re-issued summons and such re-issued summons was finally served on August 1, 2011. Clearly the re-issued summons, served almost six months beyond February of 2011, does not comport with Rule 4(m)'s deadline.

As referenced above, dismissal is required unless good cause is shown or the Court exercises its discretion and allows for an extension of time within which to serve. Here, Bouchard does not even make an argument in support of the existence of good cause for the failure to timely serve. For instance, there is no suggestion that US Airways attempted to evade

service, that Bouchard mistakenly served the wrong party, or that Bouchard was otherwise somehow prevented from making timely service. Nor did Bouchard ever timely request an extension for service.

In fact, a review of the record reflects a somewhat cavalier approach to the technical requirements of the Federal Rules of Civil Procedure – Rules which govern this Court's exercise of jurisdiction. As noted in my earlier Opinion, the original summons was woefully deficient. Further, Bouchard was alerted via US Airways' earlier Motion to the issues regarding service of process, the timeliness of service, and the exhaustion of remedies – yet she did nothing to attempt to cure these issues. Nor are these issues substantively addressed in any meaningful way in her Opposition to the Motion to Dismiss. In short, Bouchard has not provided this Court with any good cause for extending the time for service and, in the exercise of my discretion, I decline to extend the time for service. Consequently, US Airways' Motion to Dismiss for failure to timely serve under Rule 4(m) is granted.

C. *Exhaustion of Remedies*[2]

Before filing her claim under Title VII or the ADEA, Bouchard was required to file a charge with the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(e) (Title

---

[2] Absent personal jurisdiction obtained through proper service, there is no need to consider the issue of exhaustion of remedies. Nevertheless, in an effort to be thorough, and because consideration of the issue does not require the Court to treat the Motion as one for summary judgment, the issue will be considered.

6

VII) and 29 U.S.C. § 626 et seq. (ADEA).  Bouchard was also obligated to file this lawsuit within 90 days of receipt from the EEOC of a right to sue notice. See 42 U.S.C. §2000e-5(f)(1) (Title VII) and 29 U.S.C. § 626(e) (ADEA).  See also, Devine v. St. Luke's Hosp., 406 Fed. Appx. 654, 656 (3d Cir. 2011) (stating that "[b]efore a plaintiff can bring a Title VII action, she must exhaust her administrative remedies, typically by filing a charge with the EEOC and receiving from the EEOC a notice of the right to sue. … Failure to exhaust administrative remedies, while not a jurisdictional defect is a ground to dismiss the claim under Fed. R. Civ. P. 12(b)(6).").  Failure to obtain such a notice is fatal to a claim and results in dismissal. See Snyder v. Pa., Civ. No. 9-1814, 2010 WL 4362440 at * 9 (M.D. Pa. Oct. 27, 2010) (stating that "[t]o bring a Title VII claim in federal court requires not only filing the claim with the EEOC" but also receipt of "notice from the EEOC, usually through the issuance of a right-to-sue letter, that agency remedies have been exhausted" and dismissing the claim where such letter was not produced"); and Garland v. US Airways, Inc., Civ. No. 5-140, 2006 WL 3692541 at * 7-8 (W.D. Pa. Dec. 12, 2006) (dismissing claims under ADEA and Title VII where the plaintiff failed to allege that he received a right to sue letter and timely filed his claims).

Here it is impossible to construe the 90 days statutory time limit because Bouchard has neither referenced the date upon which the right to sue letter was issued, nor has she made

such letter part of the record.[3] Bouchard is represented by counsel who the Court must presume is aware of the requirements and standard of analysis set forth in <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Her threadbare reference to having filed an EEOC complaint in October of 2006 is insufficient for purposes of exhausting her administrative remedies.

Consequently, the Motion to Dismiss is granted on this alternative ground.

---

[3] The Court also reviewed the Affidavit submitted by Leonard Sweeny submitted by Bouchard in connection with her Opposition to the initial Motion to Dismiss (see Docket No. 13). None of the paperwork accompanying the Affidavit included a right to sue notice.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA T. BOUCHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 10-1381 |
| | ) |
| US AIRWAYS, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, District Judge

# ORDER OF COURT

AND NOW, this 5th day of January, 2012, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion to Dismiss Or, In The Alternative, For Summary Judgment (ECF Docket No. [27]) is GRANTED. Plaintiff's claims are hereby dismissed.

By the Court:
/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court